ROBERT D. O'BRIEN, APPELLEE, v. OMAR A. COON, APPEL-
LANT.

FILED NOVEMBER 1, 1919. No. 20955.

1. **Trial: INSTRUCTIONS.** The court properly refused an instruction which stated that the matters recited therein, which related to only a part of plaintiff's cause of action, would, if believed by the jury, be a complete defense.

2. **Appeal: DAMAGES: EVIDENCE.** A statement of the witness' estimate in giving the amount of his damages is not alone sufficient to support a verdict; but allowing such statement after evidence of the witness of various items of damages is not necessarily prejudicially erroneous, when the record shows conclusively that the verdict must have been based upon the items of damages so proved, and not of the incompetent estimate of the witness.

3. **Payment: EVIDENCE.** If money has been placed in the hands of a third person with which to satisfy plaintiff's claim, the fact that plaintiff relied upon such deposit will not amount to a satisfaction, unless it appears that the plaintiff agreed to accept such arrangement and released defendant.

4. **Evidence: OFFER OF WRITING.** Merely offering a writing in evidence, not signed by the party to be charged, is not proof of its contents.

5. **Payment: EVIDENCE.** If plaintiff had received the money deposited, it would have satisfied his claim. Evidence that he had not received the money was therefore competent.

6. **Appeal: PAYMENT: EVIDENCE.** It was not prejudicial error to allow evidence tending to show that there was in fact no money deposited for plaintiff's claim, since no money was paid him, and there was no competent evidence that he had agreed to accept the depositing of the money as satisfaction of his claim.

7. **Depositions: INCOMPETENCY: WAIVER.** If no objection is made to a deposition, and both parties read therefrom as evidence, neither party can thereafter object that the deposition was incompetent.

8. **Fraud: EVIDENCE: SUFFICIENCY.** The evidence referred to in the opinion is found to support the verdict.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*Charles A. Robbins* and *C. E. Tefft,* for appellant.

*D. O. Dwyer* and *A. L. Tidd, contra.*

Sedgwick, J.

This defendant, as agent for the Tri-State Investment Company, contracted to sell to the plaintiff a section of land in Minnesota for $32,655. The plaintiff paid on the contract $2,000 at one time, and at another $1,000, and could not get title to the land under the contract. He brought this action against the defendant for damages, alleging that the defendant procured him to enter into the contract by false and fraudulent statements and representations. He asked to recover the $3,000 he had paid on the contract, with interest, and alleged that, relying upon the contract, he incurred other damages, for which he sought also to recover. The defendant answered alleging a general denial of fraud on the part of the defendant; and that the plaintiff had a valid contract with the investment company described in the petition, and "had a just claim and cause of action against" a certain other agent of the company and against the company itself; and that there had been a "full compromise and settlement" of his cause of action through certain transactions with the investment company and others. There was a verdict and judgment in favor of the plaintiff for $5,198.57, and the defendant has appealed.

The land was owned by a woman in the East, and the investment company had no salable title in the land. The evidence was conflicting as to the statements and representations made by the defendant in procuring the contract. The plaintiff and his wife and daughter testified positively to the alleged representations of the defendant. This evidence was denied by the defendant, and possibly some discredit was thrown upon the testimony of plaintiff by another agent of the company and perhaps some other witnesses. But as the plaintiff dealt with the defendant and relied upon him so far that he advanced this money before receiving any title or any satisfactory evidence of title, and in view of other circumstances in the case, it cannot be said that

this finding was without sufficient support in the testimony.

The defendant complains of the refusal of the court to give the jury an offered instruction in which it was said that the defendant would not be liable to the plaintiff if they found "that plaintiff was informed while on the land in controversy that it was owned by a lady in the East." The $2,000 had been paid by the plaintiff relying upon these representations before he was "on the land," and therefore the instruction would have been erroneous, if given.

The defendant requested instructions to the effect that he would not be liable for expressions of opinion or belief as to what the company would do in completing the contract; but this point, so far as it is applicable in this case, appears to have been covered by the instructions given by the court.

As an element of damage, the plaintiff alleged and testified that, relying upon the purchase of the land in question, he disposed of his farming interests in Nebraska, and was prevented from farming the coming season, and was damaged in at least the sum of $2,000. The defendant requested the court to instruct the jury that the evidence was not sufficient to entitle the plaintiff to recover damages. The plaintiff was asked the question: "You may state, Mr. O'Brien, from your knowledge of what you had been doing upon the farm the years before and at this time, what your damages were for the season of 1912, from being without a farm to cultivate." This was objected to as incompetent, irrelevant, and immaterial; no proper foundation laid. The objection was overruled, and he answered: "Why, to the best of my knowledge I was damaged about $2,000." It is objected that "what one 'estimates' or 'calculates' or 'thinks' is not proper evidence of damages." It may be conceded that this answer of the witness alone would not be a sufficient basis for estimating damages. The defendant's cross-examination of

the witness was not extensive. It appears to have been carefully calculated to avoid showing actionable elements of damage; but it does appear from the cross-examination that the plaintiff, relying upon this contract of purchase, went to Minnesota, taking ten horses with him and other property; that the defendant paid at least a part of the plaintiff's expenses while there. When this question was first asked, the court sustained the objection. The plaintiff then testified that he had been farming all his life; that he had four boys at home to help him; that he knew from experience what it was worth to have a farm to cultivate during the season; that he had farmed 240 acres during the past season, and since 1912. It appears that the jury did not rely upon the plaintiff's estimate that these damages amounted to $2,000. The record shows that they did not allow more than $700 or $800 for these damages. The jury must have estimated that the expense of removing to Minnesota and remaining there for some time, and the loss of time of the plaintiff and his help, could not have been less than $700, and we cannot say from what we have seen in this record that the evidence under the circumstances will not support such a conclusion.

After the plaintiff had paid the $2,000 he obtained an abstract of title to the land, which showed that the investment company had no title, and as he made the further payment of $1,000 afterwards, it is insisted that he could not have relied upon the representation that the company owned the land. The plaintiff testified that he called the defendant's attention to the fact that the abstract showed that the company had no title, and that the defendant assured him that the company had a deed from the owner of the land which would complete the title. This the defendant denies, and the fact that upon a former trial of this case the plaintiff upon cross-examination stated certain representations that the defendant made to him after he had seen the abstract, and did not testify that the defendant

stated then that the company had a deed for the land, and the fact that the case upon a former hearing in this court had been reversed for a failure of evidence upon that point, it is contended so far discredits this testimony of the plaintiff that it should not have been believed by the jury. The defendant concedes that the abstract failed to show a title in the company, and that his attention was called to it, and that nevertheless he succeeded in obtaining another thousand dollars payment upon the contract. The cross-examination upon the former trial was not apparently intended to assist the plaintiff in bringing out the truth as to the matter, but rather was aimed at confusing the witness. There was in that cross-examination no direct statement of the witness that the defendant did not make such a representation. The cross-examination avoided challenging the witness' attention to that particular fact. The plaintiff relied upon getting the land and paid this $1,000 upon that reliance. It was plainly the defendant's conduct and general representations that caused this reliance of the plaintiff, and we cannot say from all this evidence that the jury was clearly wrong in believing the plaintiff's evidence that this statement was made by the defendant.

There was evidence that an agent of this company had left with one Matters money and property with which to satisfy the plaintiff's claim against the company, and that Matters had agreed to pay the money and property to the plaintiff. The defendant made a claim against the investment company, and in an action against the company attempted to garnish this money and property in the hands of Matters. It appears that Matters answered that he held it for this plaintiff. It is now claimed that if Matters held the money and property in trust for the payment of the plaintiff's claim, and the plaintiff had relied upon the arrangement, the money and property belonged to the plaintiff, which would discharge his claim except as

against Matters; but this would not necessarily be true. The plaintiff might rely upon the arrangement placing money in the hands of Matters for his claim, and, unless he agreed with the defendant or the company to release them and hold Matters, the fact that he expected that Matters would pay his claim would not discharge his claim against the defendant and the company. Matters might defend against the garnishment by showing that he ought to pay the money to this plaintiff, that it was deposited with him for that purpose, and yet that of itself would not satisfy the plaintiff's claim. The transaction might amount to an equitable assignment of the money as security for plaintiff's claim, and it appears to have been so regarded. It is contended that the plaintiff expressed satisfaction with the arrangement depositing the money with Matters, and requested the defendant to release his garnishment proceedings; but this would merely amount to saying that he expected Matters to pay his claim, and that he believed that the release of the garnishment would hasten the payment of his claim.

It is further contended that the plaintiff agreed with the defendant that, if he would release his proceeding against Matters, he (the plaintiff) would look to Matters only for the payment of his claim, and that the defendant did release his claim upon that understanding. This would amount to the satisfaction of the plaintiff's claim so far as the defendant was concerned. A typewritten letter addressed to the investment company with the plaintiff's name attached in typewriting, but without the plaintiff's signature, was offered in evidence by the defendant. The letter, after speaking of the defendant and others dismissing their attachment against the money supposed to be in the hands of Matters, contains the statement: "If they dismiss their suits, I will never bother you any more about it. I will make my own settlement with Mr. Matters." The defendant in the brief says that

the plaintiff "expressly agreed that, if Coon would release Matters, he would look to Matters. only, 'and never bother you any more about it,'" and refers to this typewritten letter. The letter as contained in the record shows that it was on Matters' letter paper, and of course, as it turns out that. Matters never paid this money to anybody, he was interested in having the garnishment proceeding dismissed. Under such circumstances the defendant is hardly justified in making these statements in a brief, without showing that the letter was authorized by the plaintiff, and even without showing that it was ever received in evidence. There is no reference in the brief to any part of the record that shows that this letter was received in evidence by the court, or that it ought to have been received.

The defendant complains that plaintiff was permitted to testify that he had not received from Matters the money and property which Matters had promised to pay him. Of course, on the theory that he had not released the defendant from liability to him, it was incumbent upon the plaintiff to show that he had not received the money from Matters, or any other source, and this evidence would be competent. The contention that the defendant was prejudiced by admitting Matters' testimony that he had been defrauded by Towne, and therefore that he did not owe the money, and other similar testimony, is not well taken, because it is wholly immaterial whether Matters had the money or not, since Matters did not pay the money, and there was no evidence that the plaintiff had agreed to accept Matters in lieu of the defendant and the investment company as his debtor.

The defendant attempted to impeach Matters by showing that he had been convicted of a felony after his deposition had been taken which contained his testimony. In the plaintiff's brief it is stated that the defendant made no objection to this deposition when it was offered, and that the defendant himself offered

and read parts of the deposition to the jury. We have not found anything in the record, nor any suggestions in the defendant's brief, refuting these statements.

On the former appeal to this court the judgment was reversed because of insufficiency of evidence in regard to the second payment of the thousand dollars. Upon the second trial this evidence was supplied, and we do not find that the alleged errors pointed out and discussed in the briefs are of such a character as to require a reversal.

The judgment of the district court is

AFFIRMED.

ALDRICH, J., concurs in the conclusion.

CORNISH, J., dissents.

ROSE, J., not sitting.